UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, a corporation duly organized under the laws of the State of Oklahoma, with principal place of business in the State of Nebraska,<br><br>           Plaintiff,<br><br>    v.<br><br>That's No Bull, a California corporation dba Nu Star Motors; Laura Partridge, individually and as President of Laura Partridge Family, Inc. dba Creative Concepts; Laura Partridge Family, Inc., a California corporation; Jim Gilfillan, an individual; Mike Cozakas, an individual; and Does 1 through 50,<br><br>           Defendants. | CIV. S-05-308 GEB KJM<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

        The February 16, 2005, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for May 23, 2005, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of

whether a joint report could be procured.[1]  No status report was filed as ordered.

       Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on June 27, 2005, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or Plaintiff for the failure to file a timely status report, as ordered. The written response shall state whether Plaintiff or its counsel is at fault and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on July 11, 2005, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the February 16 Order, the parties are to file a joint status report no later than June 27, 2005.

       Further, notice is hereby given under Fed. R. Civ. P. 4(m) that any unserved defendant could be dismissed if Plaintiff fails to show good cause in a filing due no later than June 20, 2005, for that

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

Order filed Feb. 16, 2005, at at 2 n. 1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2

1  failure to serve "within 120 days after the filing of the complaint
2  . . . ." (Fed. R. Civ. P. 4(m)).

4          IT IS SO ORDERED.
5  Dated:  May 17, 2005

                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge